DIANA GRIBBON MOTZ, Circuit Judge,
concurring in the judgment:
The district court committed no clear error in finding that Columbia Union was not a pervasively sectarian institution. Accordingly, for the reasons persuasively set forth by Chief Judge Wilkinson in part IV of the majority opinion, I concur in the judgment affirming the district court.
Judge Wilkinson may also be correct as to the conclusions he draws from the various opinions in Mitchell v. Helms, 530 U.S. 793, 120 S.Ct. 2530, 147 L.Ed.2d 660 (2000). However, in Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997), the Supreme Court, in no uncertain terms, instructed that “[i]f a precedent of th[e Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls.” Given this directive, unless and until the Supreme Court overrules Roemer v. Bd. of Pub. Works of Md., 426 U.S. 736, 96 S.Ct. 2337, 49 L.Ed.2d 179 (1976), I am unwilling to join in a holding finding that the pervasively sectarian analysis adopted there-when interpreting the very statute at issue here — no longer controls. Such a holding seems particularly unwarranted when application of the pervasively sectarian anal *511 ysis requires the same result as the (perhaps) premature disavowal of it.